**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-2149**

KAREN RENEE PRESTON,

        Plaintiff - Appellant,

    v.

BRIAN ROBERT GRIMES; WALMART TRANSPORTATION, LLC,

        Defendants - Appellees,

and

FRANKLIN COUNTY PUBLIC SCHOOLS; SCHOOL SYSTEMS OF VIRGINIA GROUP SELF-INSURANCE ASSOCIATION,

        Intervenors.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:19-cv-00243-MFU-RSB)

Submitted:  March 6, 2023                    Decided:  September 12, 2023

Before GREGORY and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Jonathan E. Halperin, Isaac A. McBeth, HALPERIN LAW CENTER, Glen Allen, Virginia, for Appellant.   Matthew Nis Leerberg, Troy D. Shelton, FOX ROTHSCHILD LLP, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Karen Renee Preston sued Brian Robert Grimes and Walmart Transportation, LLC ("Defendants"), for negligence.* Preston alleged that Grimes, who drove a Walmart tractor-trailer, negligently ran a red light and struck her school bus. The jury returned a verdict for Defendants, finding that Preston was contributorily negligent under Virginia law. Preston appeals the district court's orders denying her motions for judgment as a matter of law, arguing that the evidence was insufficient to support the jury's verdict. For the reasons that follow, we affirm.

We review de novo the denial of a Fed. R. Civ. P. 50 motion for judgment as a matter of law, viewing the facts and reasonable inferences in the light most favorable to the prevailing party below. *Legacy Data Access, Inc. v. Cadrillion, LLC*, 889 F.3d 158, 164 (4th Cir. 2018). "Entry of judgment as a matter of law is appropriate only if the evidence is legally insufficient to support the jury's verdict." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 196 (4th Cir. 2017). In considering this question, we may "not weigh evidence nor judge the credibility of witnesses." *Burgess v. Goldstein*, 997 F.3d 541, 549 (4th Cir. 2021) (internal quotation marks omitted). Instead, "[j]udgment as a matter of law is proper only if there can be but one reasonable conclusion as to the verdict." *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (en banc) (internal quotation marks omitted).

---

* Defendants removed this case from Franklin County Circuit Court in Virginia, invoking the district court's diversity jurisdiction under 28 U.S.C. § 1332. Preston thereafter filed an amended complaint.

3

Under Virginia law, "[c]ontributory negligence is an affirmative defense," *RGR, LLC v. Settle*, 764 S.E.2d 8, 21 (Va. 2014) (internal quotation marks omitted), that "is an absolute bar to recovery on a simple negligence claim," *AlBritton v. Commonwealth*, 853 S.E.2d 512, 523 (Va. 2021). To establish contributory negligence, "a defendant must show that the plaintiff was negligent and that such negligence was a proximate cause of the accident." *Settle*, 764 S.E.2d at 21. "The proximate cause of an event is that act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces that event, and without which that event would not have occurred." *Id.* at 27 (internal quotation marks omitted).

Viewing the trial record in the light most favorable to Defendants, sufficient evidence supports the jury's verdict. On appeal, Preston concedes that she negligently failed to keep a proper lookout before entering the intersection but argues that her negligence did not proximately cause the accident. Specifically, she asserts that even if she kept a proper lookout, she could not have anticipated Defendants' negligence and therefore could not have prevented the accident. However, at trial, witnesses situated similarly to Preston testified that they saw the tractor-trailer and realized that it would run the red traffic light due to its proximity to the intersection and high speed. The record therefore contains adequate evidence to support a finding that Preston's negligence contributed to the collision. Furthermore, we reject Preston's contention that she was entitled to assume that the tractor-trailer would obey the red traffic signal. *See Va. Elec. & Power Co. v. Holland*, 37 S.E.2d 40, 42 (Va. 1946) ( "One may presume, *unless it appears otherwise*, that the command of a traffic light will be obeyed." (emphasis added)). The

4

authorities on which Preston relies, including *Webb v. Smith*, 10 S.E.2d 503 (Va. 1940), are readily distinguishable on their facts.

Accordingly, we affirm the district court's denial of Preston's motions for judgment as a matter of law. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*